UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                        Case No. 10-20652

LEAVI NIETUBICZ,

    Defendant.
                                    /

**ORDER DENYING DEFENDANT'S MOTION TO BE RELEASED ON BOND**

      Before the court is Defendant Leavi Nietubicz's "Motion to Be Released on Bond." Defendant has been indicted of one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). Following a detention hearing on October 27, 2010, Defendant was released from temporary detention on unsecured bond. As a condition of release, the court ordered home detention. After repeated violations of this order, Defendant was scheduled to appear before this court for a bond hearing on December 13, 2010. Defendant failed to appear in a timely fashion, was arrested, and has been detained since that day.

      At a hearing held on February 27, 2011, Defendant pled guilty to violating 18 U.S.C. § 922(g)(1). Following his guilty plea, Defendant filed the instant motion on March 15, 2011. Defendant now argues for release on bond pending sentencing, pursuant to 18 U.S.C. § 3142. As the Government correctly notes, however, § 3142 applies to release or detention *pending trial*. As Defendant has pled guilty, his motion must be considered under 18 U.S.C. § 3143, which governs release or detention pending sentencing. Recognizing the fundamental difference between the liberty

interests of defendants merely charged with crimes and those found guilty, § 3143 reverses the presumption of release found in § 3142. Under § 3143, the court shall order detention of a Defendant awaiting sentencing, unless the court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 28 U.S.C. § 3143(a). Contrary to Defendant's argument that "the central issue in this bond determination is not whether Mr. Nietubicz is a risk of flight or a danger to the community but whether he appreciates the importance of staying on his medication," the risk of flight or danger to the community is precisely the issue Congress has directed the courts to address. Defendant points to no clear and convincing evidence that he is neither a flight risk nor a threat to the community. As the burden to establish his eligibility for release pending sentencing rests with Defendant, the court will deny the motion. Accordingly,

IT IS ORDERED that Defendant's "Motion to Be Released on Bond" [Dkt. # 25] is DENIED.

     s/Robert H. Cleland  
     ROBERT H. CLELAND  
     UNITED STATES DISTRICT JUDGE

Dated: April 18, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 18, 2011, by electronic and/or ordinary mail.

     s/Lisa Wagner  
     Case Manager and Deputy Clerk  
     (313) 234-5522